UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| APOSTOLOS HIROPOULOS,<br><br>        Plaintiff,<br><br>v.<br><br>JEREMIAH JUSO, et al.,<br><br>        Defendants. | 2:09-CV-307 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Apostolos Hiropoulos' motion in limine to exclude defendants' expert, Paul France (doc. #46). Plaintiff has filed an addendum to his motion in limine (doc. #48). Defendants Jeremiah Juso and Abercrombie & Fitch Stores, Inc., have filed an opposition (doc. #52), and plaintiff has filed a reply (doc. #54).

On the evening of Friday, November 3, 2006, plaintiff Hiropoulos was involved in an automobile accident with the individually named defendant, Juso. The defendant attempted to make a lane change, and in doing so struck the right side of the plaintiff's vehicle. The defendants named Dr. France as their biomechanical expert and, with assistance from Dr. John Droge, Dr. France issued a report regarding the accident. Dr. France ultimately came to the conclusion that the forces involved in the accident were not severe enough to cause plaintiff's alleged injuries. Dr. France investigated into, and considered in his report, the following: (1) a review of the in-dash video camera from plaintiff's vehicle, which provided two separate angles of the accident; (2) the traffic

**James C. Mahan**
**U.S. District Judge**

1   accident report; (3) photographs of the scene and vehicles; (4) a repair estimate for the vehicles; (5)
2   an "event data recorder" from plaintiff's vehicle (which approximated and documented his
3   acceleration at the moment of the accident); (6) plaintiff's deposition; and (7) portions of plaintiff's
4   medical records. (*See* doc. # 46, p.3; *see also* doc. #52, p.6). Dr. France used PC Crash, a computer
5   program which simulates automobile collisions using various data input, to "reconstruct" the
6   accident, and then used the results as a basis for his opinion.

7   Plaintiff seeks to exclude Dr. France as an expert witness, claiming that Dr. France lacks a
8   legally sufficient factual basis upon which to form his expert opinion. Plaintiff asserts that Dr.
9   France's testimony would be inadmissable at trial because neither he nor Dr. Droge personally
10  visited the scene to observe the vehicles involved. Therefore, plaintiff claims, Dr. France "has a
11  wholly insufficient factual basis for his opinion that the forces arising from the subject accident were
12  inadequate to cause [plaintiff's] post-accident physical complaints and medical treatment." (Doc.
13  #46, p.4).

14  Federal Rule of Evidence 702 permits an expert to testify based on his or her "scientific,
15  technical, or other specialized knowledge" if that knowledge "will assist the trier of fact to
16  understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "[A] witness qualified
17  as an expert by knowledge, skill, experience, training, or education" may provide expert testimony
18  if: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable
19  principles and methods, and (3) the witness has applied the principles and methods reliably to the
20  facts of the case." *Id.* The trial court is not to attempt to determine the correctness of the expert's
21  conclusions, rather only the soundness of his methodology. *Daubert v. Merrell Dow Pharm. Inc.*,
22  43 F.3d 1311 (9th Cir. 1995). If a party believes that the admissible opinions of an expert are
23  "shaky," those opinions are to be attacked by cross examination and contrary evidence, rather than
24  be excluded. *Id.* at 596.

25  Plaintiff argues that Dr. France's failure to personally examine the scene of the accident

26
27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  requires that his opinion be excluded pursuant to Nevada case law[1]. However, in those cases–which
2  are not binding on this court–the decisions to exclude the experts' opinions were premised on the
3  simple fact that they had gathered too little evidence. Plaintiff essentially argues that these cases
4  stand for the proposition that, for purposes of expert testimony, there is no acceptable method of
5  accident investigation that does not include a personal examination of the scene by the expert. This
6  court disagrees and refuses to adopt such an interpretation.

7  In *Choat*, for example, the court held that "an expert witness may not testify as to the speed
8  of a vehicle prior to impact based *solely* on the resulting damage to the vehicle involved." *Choat
9  v. McDorman*, 468 P.2d 354, at 356 (Nev. 1970) (emphasis added). Similarly in *Levine*, the expert
10 only relied on a handful of photos and a shrewd diagram prepared by an inexperienced police officer.
11 *Levine v. Remolif*, 390 P.2d 718 (Nev. 1964). In *Hallmark*, the court found that the biomechanical
12 expert's testimony was improperly admitted because he lacked a sufficient factual basis on which
13 to form his opinion. *Hallmark v. Eldridge*, 189 P.3d 646 (Nev. 2008). The expert in *Hallmark* relied
14 on an examination of the photographs of one of the vehicles involved, the complaint, the answer,
15 medical records, and depositions. *Id.* at 649.

16 None of the experts in *Choat*, *Levine* and *Hallmark* used in-dash video footage, an event data
17 recorder, or a computer program similar to PC Crash. Simply put, the experts in those cases had
18 insufficient data, rendering their opinions inadmissable. Here, Dr. France has considered more than
19 just the resulting damage to the vehicles and a few photographs of the accident. Specifically, he has
20 considered the information mentioned in the second paragraph of this order.

21 The plaintiff selectively quotes *Levine*, and cites to it as dicta in *Hallmark*, to support his
22 assertion that a physical examination of the vehicle is *required*. (Doc. #54, p. 4). In *Levine*, the
23 court found that:
24 . . .

---

[1] Defendant relies heavily on the Nevada Supreme Court's decisions in *Levine v. Remolif*, 390 P.2d 718 (Nev. 1964); *Choat v. McDorman*, 468 P.2d 354 (Nev. 1970); *Hallmark v. Eldridge*, 189 P.3d 646 (Nev. 2008), as well as various decisions from other state courts outside of Nevada.

James C. Mahan
U.S. District Judge

- 3 -

> The district court properly excluded an expert from testifying about the speed of two vehicles at the moment of impact because he did not examine the vehicles, and his opinion would have been based solely upon photographs of the accident scene, an unsealed diagram that was drawn by a police officer who was inexperienced in accident reconstruction, and tests performed at the scene months after the accident.

*Hallmark*, 189 P.3d at 652 (citing *Levine*, 390 P.2d at 719-20).

The plaintiff contends that this exemplifies the "long-standing Nevada law" that expert testimony requires a physical examination of the vehicles. On the contrary, a plain reading of this excerpt (as well as the *Choat, Levine* and *Hallmark* opinions in their entirety) clearly demonstrates that Nevada law requires only that sufficient data be utilized as a basis for an expert's opinion. When available data is lacking, a physical examination may be necessary, at a minimum. In the instant case, various technologies provided Dr. France with data that was non-existent or otherwise unavailable in the *Choat*, *Levine* and *Hallmark* cases. The fact that Dr. France did not personally examine the scene of the accident does not necessarily undermine the validity or usefulness of the data provided by the in-dash camera, the event data recorder or the PC Crash program. These cases do not demonstrate that a physical examination is *always* required, only that it *may* be required when other means are either unavailable or are simply not utilized.

As the defendant has pointed out, several of the state court cases that the plaintiff relies upon are more than thirty to forty years old. At the time these cases were decided, technology of the sort that Dr. France utilized–specifically the in-dash camera, event data recorder and the PC Crash computer program–did not exist. Therefore, it would be both irrational and impractical for this court to enforce any outdated rule that requires an expert to personally investigate the scene of the accident, when today's technology is capable of assisting the expert in doing the same (or perhaps a better) job.

In his addendum (doc. #48), plaintiff further argues that Dr. France's testimony must be excluded because he has failed to take into consideration the opinions of defendants' medical expert, Jeffrey Wang. However, this court agrees that any such objections based on Dr. France's failure to consider Dr. Wang's medical determinations speaks to the weight a jury may give to his testimony, and not to its admissibility.

**James C. Mahan
U.S. District Judge**

- 4 -

1     This court declines to accept the plaintiff's argument that an expert is required to conduct a physical inspection of the scene in order to offer his or her testimony at trial. *See generally Primiano v. Howmedica Osteonics Corp.,* 598 F.3d 558 (9th Cir. 2010). Based on the facts, the court finds that Dr. France has gathered enough data to establish a legally sufficient basis upon which to form his expert opinion, and hereby denies plaintiff's motion to exclude Dr. France's testimony.

    Accordingly,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Hiropoulos' motion in limine to exclude defendants' expert Paul France (doc. #46) be, and by the same hereby is, DENIED.

    DATED July 29, 2011.

_____
UNITED STATES DISTRICT JUDGE